IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY RAY BROWN,

        Plaintiff,                      No. CIV S-07-0956 MCE DAD P

    vs.

G. MARSHALL, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.

        In his amended complaint, plaintiff alleges that prison officials charged him with "conspiracy to murder peace officers." (Am Compl. at 4.) He further alleges that numerous procedural errors were committed in connection with his disciplinary hearing after which he was found guilty and punished with mixed sanctions affecting both the duration and the conditions of his confinement. (Id. at 4-20.) Specifically, plaintiff was punished with 180-days loss of good time credit and a 48-month security housing unit term. (Id. at 5.)

        On April 24, 2008, the defendants moved to dismiss this action, arguing that plaintiff's due process claims stemming from the disciplinary hearing were not properly before the court because plaintiff had not had his disciplinary conviction invalidated through a writ of

1

habeas corpus. Plaintiff filed a timely opposition to defendants' motion. Defendants did not file a reply.

On January 5, 2009, the undersigned issued an order summarizing the background of this case as well as the arguments of the parties. Based on recent Ninth Circuit and Second Circuit decisions, the undersigned determined that plaintiff could proceed in this action with a challenge to the sanctions affecting the conditions of his confinement, namely his 48-month security housing unit term, without demonstrating that the sanctions affecting the duration of his confinement (i.e. his 180-days loss of credit) have been invalidated. See Brownlee v. Murphy, 231 Fed. Appx. 642, 644, 2007 WL 1340739, *1 (9th Cir. May 8, 2007) (reversing dismissal of prisoner plaintiff's due process claim because it was unclear whether the pro se plaintiff was challenging the manner or the duration of his segregated confinement);[1] Peralta v. Vasquez, 467 F.3d 98, 100 (2d Cir. 2006) ("We today hold that a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement*."), cert. denied, ___U.S.___,127 S. Ct. 3006 (2007).

However, the undersigned also informed plaintiff that he could only proceed in this manner if he were willing to forgo any present or future challenge to his 180-days loss of credit, including the claims raised in his pending habeas action (Civil Case No. 2:07-1145 LKK GGH) challenging the disciplinary proceedings at issue here. The court instructed plaintiff that if he wished to proceed solely on his claims relating to his 48-month security housing unit term, he would be required to file a declaration stating under penalty of perjury that he wished to waive all potential claims with respect to his 180-days loss of credit. The court also instructed plaintiff

/////

---

[1] Citation to this unpublished decision is appropriate under Ninth Circuit Rule 36-3(b).

that he would be required to voluntarily dismiss with prejudice his pending habeas corpus action and file a copy of his request together with his declaration in this action.

In response to the court's order, plaintiff has filed a declaration signed under penalty of perjury formally agreeing to waive all potential claims with respect to his 180-days loss of credit. Plaintiff has also filed a copy of his request to voluntarily dismiss with prejudice his habeas corpus proceedings in Civil Case No. 2:07-1145 LKK GGH. For the reasons discussed herein, as well as in the court's January 5, 2009 order, the court concludes that plaintiff should be allowed to proceed in this action on his claims challenging his 48-month security housing unit term. See Muhammad v. Close, 540 U.S. 749, 751 (2004) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."); Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) ("Where the prison's alleged constitutional error does not increase the prisoner's total period of confinement, a successful § 1983 action would not necessarily result in an earlier release from incarceration, and hence, does not intrude upon the 'heart' of habeas jurisdiction.").

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' April 24, 2008 motion to dismiss (Doc. No. 26) be denied; and

2. Plaintiff be granted thirty days leave to file a third amended complaint presenting solely his claims relating to his 48-month security housing unit term.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brow0956.57(2)

4