IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY RAY BROWN,

    Plaintiff,                    No. CIV S-07-0956 MCE DAD P

    vs.

G. MARSHALL, et al.,

    Defendants.                ORDER

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's third amended complaint.

**PROCEDURAL HISTORY**

          In his first amended complaint, plaintiff alleged that prison officials charged him with "conspiracy to murder peace officers." (Am Compl. at 4.) He further alleged that numerous procedural errors were committed in connection with his disciplinary hearing after which he was found guilty and punished with mixed sanctions affecting both the duration and the conditions of his confinement. (Id. at 4-20.) Specifically, plaintiff was punished with 180-days loss of good time credit and a 48-month security housing unit term. (Id. at 5.)

/////

1

On April 24, 2008, the defendants moved to dismiss this action, arguing that plaintiff's due process claims stemming from the disciplinary hearing were not properly before the court because plaintiff had not had his disciplinary conviction invalidated through a writ of habeas corpus. Plaintiff filed a timely opposition to the motion. Defendants did not file a reply.

On January 5, 2009, the undersigned issued an order summarizing the background of this case as well as the arguments of the parties. Based on recent Ninth Circuit and Second Circuit decisions, the undersigned determined that plaintiff could proceed in this action with a challenge to the sanctions affecting the conditions of his confinement, namely his 48-month security housing unit term, without demonstrating that the sanctions affecting the duration of his confinement (i.e. his 180-days loss of credit) have been invalidated. See Brownlee v. Murphy, 231 Fed. Appx. 642, 644, 2007 WL 1340739, *1 (9th Cir. May 8, 2007) (reversing dismissal of prisoner plaintiff's due process claim because it was unclear whether the pro se plaintiff was challenging the manner or the duration of his segregated confinement);[1] Peralta v. Vasquez, 467 F.3d 98, 100 (2d Cir. 2006) ("We today hold that a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement*."), cert. denied, 551 U.S. 1145 (2007).

However, the undersigned also informed plaintiff that he could only proceed in this manner if he were willing to forgo any present or future challenge to his 180-days loss of credit, including the claims raised in his then-pending habeas action (Civil Case No. 2:07-1145 LKK GGH) challenging the disciplinary proceedings at issue here. The court instructed plaintiff that if he wished to proceed solely on his claims relating to his 48-month security housing unit term, he would be required to file a declaration stating under penalty of perjury that he wished to

---

[1] Citation to this unpublished decision is appropriate under Ninth Circuit Rule 36-3(b).

2

waive all potential claims with respect to his 180-days loss of credit. The court also instructed plaintiff that he would be required to voluntarily dismiss with prejudice his habeas corpus action and file a copy of his request together with his declaration in this action.

In response to the court's order, plaintiff filed a declaration signed under penalty of perjury formally stating that he wished to waive all potential claims with respect to his 180-days loss of credit. Plaintiff also filed a copy of his request to voluntarily dismiss with prejudice his habeas corpus proceedings in Civil Case No. 2:07-1145 LKK GGH. For these reasons, the undersigned recommended that plaintiff be allowed to proceed in this action on his claims challenging his 48-month security housing unit term. See Muhammad v. Close, 540 U.S. 749, 751 (2004) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."); Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) ("Where the prison's alleged constitutional error does not increase the prisoner's total period of confinement, a successful § 1983 action would not necessarily result in an earlier release from incarceration, and hence, does not intrude upon the 'heart' of habeas jurisdiction."). In addition, the undersigned recommended that plaintiff be granted thirty days leave to file a third amended complaint presenting solely his claims relating to his 48-month security housing unit term. On March 12, 2009, the assigned district judge in this case adopted the findings and recommendations in full, denied defendants' motion to dismiss, and granted plaintiff thirty days leave to file a third amended complaint.

## PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff has timely filed a third amended complaint. In response to plaintiff's complaint, defense counsel has filed a request for clarification on whether the defendants are required to respond thereto or whether the court intends to screen plaintiff's third amended complaint. The parties are advised that the court has screened plaintiff's third amended complaint. See 28 U.S.C. § 1915A.

1          The court finds that plaintiff's third amended complaint appears to state a
2  cognizable claim for due process under the Fourteenth Amendment.  If the allegations of the third
3  amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of
4  this action.  <u>See</u>, <u>e.g.</u>, <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997) ("The due process
5  requirements for a prison disciplinary hearing are in many respects less demanding than those for
6  criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing
7  officer who dishonestly suppresses evidence of innocence.").

8          However, the court also finds that plaintiff's third amended complaint does not
9  state a cognizable claim for cruel and unusual punishment under the Eighth Amendment.  For the
10 first time in his third amended complaint, plaintiff summarily argues that defendants' actions
11 constitute cruel and unusual punishment.  However, plaintiff has not described in that third
12 amended complaint any conditions of confinement that implicate the Eighth Amendment.  <u>See</u>,
13 <u>e.g.</u>, <u>Hudson v. McMillan</u>, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the
14 penalty that criminal offenders pay for their offenses against society, only those deprivations
15 denying the minimal civilized measure of life's necessities are sufficiently grave to form the
16 basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted).
17 Placement in a security housing unit, without more, does not constitute an Eighth Amendment
18 violation.  <u>See</u> <u>Toussaint v. Yockey</u>, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984) (more than the
19 usual hardships associated with administrative segregation are required to state an Eighth
20 Amendment claim).

21         Accordingly, the case will proceed on plaintiff's Fourteenth Amendment due
22 process claims against defendants Gore, Marshall, McDonald, Quezada, Runnels, Statti,
23 Vanderville, and Wong.
24 /////
25 /////
26 /////

4

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Defendants' April 23, 2009 request for clarification (Doc. No. 41) is granted; and

2. Defendants shall file a responsive pleading in this matter within thirty days of the date of this order.

DATED: September 3, 2009.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brow0956.36rp