IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMMY RAY BROWN

        Plaintiff,                      No. CIV S-07-0956 MCE DAD P

  vs.

G. MARSHALL, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on plaintiff's motion to compel further discovery responses and for sanctions.

        This action is proceeding on plaintiff's claim that defendants Gore, Marshall, McDonald, Quezada, Runnels, Statti, Vanderville and Wong violated his Fourteenth Amendment due process rights in connection with a disciplinary conviction that resulted in imposition of a 48-month term in a security housing unit (SHU). <u>See</u> Order filed September 4, 2009.[1] By the instant motion, plaintiff seeks to compel further responses from defendant Marshall to interrogatories 1, 2, 3, 5 and 6 of plaintiff's interrogatories and to requests 1 through 5 of

---

[1] Petitioner has dropped all challenges to the 180-day credit loss also imposed as part of the punishment for that disciplinary conviction. <u>See</u> Order filed September 4, 2009.

1

plaintiff's first request for production of documents; from defendant Statti to request 1 of his first request for production of documents; from defendant Vanderville to requests 4 and 5 of his first request for production of documents; from defendant Wong to request 3 of his first request for production of documents; from defendant Runnels to request 1 of his first request for production of documents; and from defendants Marshall, Statti and Vanderville to request 1 of his second request for production of documents. Plaintiff also seeks $100.00 in monetary sanctions.

Rule 37 of the Federal Rules of Civil Procedure provides for motions to compel further responses to discovery requests. Further responses to "an evasive or incomplete disclosure, answer, or response" may be ordered. See Fed. R. Civ. P. 37(a)(3).

As noted above, plaintiff seeks further responses to five interrogatories in the first set of interrogatories served on defendant Marshall. The interrogatories and defendant Marshall's responses are as follows:

> Interrogatory No. 1: List the exact date, time, and place the confidential informant alleged plaintiff conspired with other alleged co-conspirators to murder peace officers?
>
> Response to Interrogatory No. 1: Defendant objects on the grounds that it is vague as to time and institution. Without waiving these objections, and assuming plaintiff is requesting the time and location Plaintiff conspired with other co-conspirators to murder correctional staff in connection with the disciplinary charge for Log No. C-05-04-005, Defendant responds that Plaintiff conspired with other co-conspirators at High Desert State Prison, Facility C, during the month of January 2005.
>
> Interrogatory No. 2: List the exact statement that the Confidential Informant alleged plaintiff made when plaintiff supposedly agreed to part of conspiracy plot to murder peace officers at (H.D.S.P.)
>
> Response to Interrogatory No. 2: Defendant objects to this request on the grounds that it is vague and ambiguous as to time, and as to the term "confidential informants," and it calls for information protected by the official information privilege. Based on these objections Defendant will not respond to this request.
>
> Interrogatory No. 3: List the part of the alleged conspiracy plot that the Confidential Informant stated plaintiff planned. (Which part of the conspiracy plot did plaintiff plan?)

/////

1   Response to Interrogatory No. 3:  Defendant objects to this request
    on the grounds that it is vague and ambiguous as to time, and as to
2   the term "confidential informants," and it calls for information
    protected by the official information privilege.  Based on these
3   objections Defendant will not respond to this request.

4   Interrogatory No. 5:  List how many teir notes (kites) that was
    received by prison officials from confidential informants "that
5   were allegedly written by plaintiff."

6   Response to Interrogatory No. 5:  Defendant objects to this request
    on the grounds that it is vague and ambiguous as to time, and as to
7   the term "confidential informants," and it calls for information
    protected by the official information privilege.  Based on these
8   objections Defendant will not respond to this request.

9   Interrogatory No. 6:  List how the confidential informant
    supposedly had first hand information of plaintiff's alleged
10  involvement in the conspiracy to murder peace officers plot

11  Response to Interrogatory No. 6:  Defendant objects to this request
    on the grounds that it is vague and ambiguous as to time, and as to
12  the term "confidential informants," and it calls for information
    protected by the official information privilege.  Based on these
13  objections Defendant will not respond to this request.

Attachment 2 to Plaintiff's Motion to Compel, filed April 14, 2010.

Plaintiff asserts that the information he seeks by these interrogatories is relevant to his contention that his due process rights were violated in connection with the disciplinary proceedings because (1) the charges did not list the time, date and place of the alleged criminal act; (2) the specific alleged criminal act he committed was not disclosed; (3) the information sought by interrogatory no. 2 is relevant to whether prison officials had first hand information of plaintiff's involvement or whether the charges were arbitrary; (4) the information sought by interrogatory no. 5 will support plaintiff's contention that prison officials falsified documents; and (5) the information sought by interrogatory no. 6 may show whether prison officials relied on second hand information to convict plaintiff of the disciplinary charges.

In opposition to the motion, defendants contend that defendant Marshall properly asserted the official information privilege in response to these requests, that disclosing the confidential information sought by these requests would endanger prison security, and that the

information plaintiff seeks is not relevant to his challenge to the disciplinary conviction which need only be supported by "some evidence."

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court explained that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Under Wolff, the inmate must receive: (1) advance written notice of the disciplinary changes[2]; (2) an opportunity to call witnesses and present documentary evidence in his defense, where consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder of evidence relied on and the reasons for disciplinary action. Superintendent, Mass. Correctional Ins. v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-567). While an inmate has the right to present evidence in his defense, the Supreme Court found that an inmate does not have the right to confidential, irrelevant, or unnecessary information, see Wolff, 418 U.S. at 556, and the opportunity to call witnesses and present documentary evidence is limited by the rule that "prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority. . . ." Ponte v. Real, 471 U.S. 491, 496 (1984).

The information that forms the basis for the prison disciplinary action must possess some indicia of reliability to satisfy due process. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987). In evaluating whether "some evidence" exists, the court inquires "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board, without assessing the witnesses' credibility or reweighing the evidence. Id. at 455-456. Additional requirements are imposed when a prison disciplinary committee relies on statements

---

[2] Plaintiff contends, in part, that the disciplinary notice issued to him did not list the time, date and place of the alleged criminal act, as required by state law. For purposes of a due process claim, the standards for adequate notice are governed by federal law; in order to satisfy the requirements of due process written notice must be provided in advance of the hearing in order to inform the inmate of the charges "and to enable him to marshal the facts and prepare a defense." Wolff, 418 U.S. at 564.

by an unidentified inmate informant.  Due process requires the record to contain some factual information from which the committee could reasonably conclude that the information was reliable and a prison official's affirmative statement that safety considerations precluded disclosure of the informant's identity.  <u>Zimmerlee v. Keeney</u>, 831 F.2d 183, 186-87 (9th Cir.1987).  Reliability may be established by

> (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) an in camera review of the documentation from which credibility was assessed.... Proof that an informant previously supplied reliable information is sufficient.

<u>Id</u>.

        Defendants are not required to provide responses to discovery requests that could lead to identification of confidential informants.  Morever, the additional information that plaintiff seeks by the interrogatories at issue here is not relevant to any of the elements of plaintiff's due process claim against defendant Marshall, which turns on whether the requirements of due process, outlined above, were satisfied.  Plaintiff's motion to compel further responses to these interrogatories will therefore be denied.

        Plaintiff also seeks to compel production of documents in response to requests 1 through 5 of his first request for production of documents propounded to defendant Marshall. Those requests are:

> Request for Production No. 1:  All documents evidencing the confidential memorandum of (December 30, 2003) authored by E. Simmerson.
>
> Request for Production No. 2:  All documents evidencing the confidential memorandum of (February 6, 2004) authored by J. Ginder.
>
> Request for Production No. 3:  All documents evidencing the confidential memorandum of (January 26, 2005) authored by M. Minnick.

        Request for Production No. 4: All documents evidencing the confidential memorandum of (February 25, 2005) authored by R. Marquez.

        Request for Production No. 5: All documents evidencing the confidential memorandum of (May 2, 2005) authored by N. Dittman.

Attachment 3 to Motion to Compel. Defendant Marshall objected to each of these requests as vague and ambiguous and, assuming that plaintiff was seeking each confidential memorandum identified in the request, on the ground that the documents are protected by the official information privilege.

        In his motion, plaintiff asserts that each requested confidential memorandum is required to show that prison officials had no first hand information implicating plaintiff in the conspiracy that formed the basis for his disciplinary conviction. In opposition to the motion, defendants assert that the documents are privileged and that they provided the required privilege log to plaintiff. Defendants have also presented evidence that the California Department of Corrections and Rehabilitation (CDCR) has labeled each memorandum as confidential and maintained its confidentiality.[3] See Attachment 1 to Defendants' Opposition to Plaintiff's Motion to Compel, filed May 3, 2010. In reply, plaintiff requests an in camera review of the documents to determine whether they can be provided to plaintiff in redacted form.

        Plaintiff is not entitled to the requested confidential information to support his due process claim. See Wolff, 418 U.S. at 556. To the extent that plaintiff's disciplinary conviction was supported by confidential information, resolution of his due process claim in this action will turn on whether that confidential information bears the requisite "indicia of reliability." Cato, 824 F.2d at 705. Production of the confidential memoranda to plaintiff is not required in order to

/////

---

[3] Defendant Marshall also asserts that his objection that the phrase "all documents evidencing" each memorandum was vague and ambiguous, and that plaintiff was provided with all documents that reference the memoranda.

6

determine whether the requirements of due process were satisfied.[4] Plaintiff's motion to compel further responses to these discovery requests will therefore be denied.

Plaintiff also seeks to compel a further response to request number 1 of his first request for production of documents directed to defendant Statti. By that discovery request, plaintiff sought "all documents evidencing the (2) page written statement plaintiff submitted at the disciplinary hearing." Attachment 4 to Motion to Compel. Defendants objected to this request as "vague as to the terms 'evidencing' and '2 page written statement', and 'disciplinary hearing'" and asserted that they could not respond to the request. Id.

In his motion to compel, plaintiff asserts that this document is relevant to prove that he requested a postponement of the disciplinary hearing and did not agree to use the first investigative employee's report. Neither of these arguments either identifies the document in question, nor demonstrates that it is likely to lead to evidence relevant to the due process claim at bar. Plaintiff's motion to compel a further response to this request will therefore be denied.

Plaintiff next seeks to compel further responses to requests number 4 and 5 of his first request for production of documents to defendant Vanderville. By these requests, plaintiff seeks "all documents evidencing the C.V.S.A. test results" of plaintiff and "the confidential informant." Attachment 5 to Motion to Compel. Defendant Vanderville objected to these requests as vague and ambiguous, calling for production of documents that are irrelevant and not likely to lead to the discovery of admissible evidence, overly broad and burdensome, and calling for documents protected by the official information privilege and by state regulations regarding health records. Id.

Defendant Vanderville's objections are well taken. It is not clear from plaintiff's motion to compel either what tests plaintiff is referring to, or the relevance of the information to

/////

---

[4] The court makes no findings at this time whether in camera review of documents may be required in connection with any dispositive motion that may be filed in this action.

the claim at bar. Plaintiff's motion to compel further responses to this discovery request will therefore be denied.

Plaintiff seeks to compel further responses to request number 3 of his first request for production of documents to defendant Wong. By this request, plaintiff sought "[a]ll documents evidencing all complaints filed against you for misconduct and any reprimands due to poor job performances." Attachment 6 to Motion to Compel. Defendant Wong objected to that request as overly burdensome, calling for documents not relevant nor likely to lead to the discovery of admissible evidence, vague and ambiguous as to some of the terms, and potentially calling for privileged documents. Plaintiff seeks to compel the production of documents responsive to identical requests directed to defendants Marshall, Statti and Vanderville in a second request for production of documents. Attachment 8 to Motion to Compel. Defendants assert that the latter discovery requests are new and were not served within the time set for discovery in this action, and plaintiff does not dispute this assertion.

Defendant Wong's objections are well taken. Plaintiff's discovery request in this regard is overly broad and would require production of documents neither relevant to the claim at bar nor likely to lead to the discovery of admissible evidence. Accordingly, plaintiff's motion to compel further responses to this request will be denied. Plaintiff's motion to compel responses from defendants Marshall, Statti, and Vanderville will also be denied as improvidently brought. Plaintiff may not move to compel discovery responses absent evidence that defendants have been timely served with the discovery request at issue.

Plaintiff seeks to compel a further response to request number one of his first request for production of documents to defendant Runnels. By that request, plaintiff seeks the location of twenty-one inmates, who he identifies and asserts were "either implicated in the conspiracy charges or witnesses." Attachment 7 to Motion to Compel. Defendant Runnels objected to this request as, <u>inter alia</u>, calling for documents not reasonably calculated to lead to the discovery of admissible evidence and protected by privilege.

1  Defendant Runnels' objection of irrelevance is well taken.  The request would
2  require production of documents neither relevant to the claim at bar nor likely to lead to the
3  discovery of admissible evidence.  Plaintiff's motion to compel further responses to this request
4  will also be denied.

CONCLUSION

6  For all of the foregoing reasons, plaintiff's motion to compel will be denied.  A
7  fortiori, plaintiff's request for monetary sanctions will also be denied.  Cf. Fed. R. Civ. P. 37.
8  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's April
9  14, 2010 motion to compel and for sanctions is denied.
10 DATED: February 28, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
brow0956.dis